UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Norman Tyrone Dais, # 99936-071, ) **C/A No. 8:08-3629-JFA-BHH**
*formerly SCDC # 283547, aka Norman T. Dais*, )
)
)
Petitioner, )
)
vs. ) **Report and Recommendation**
)
Melanie Huggins, Horry County Clerk of Court, )
)
)
Respondent. )
_____

## *Background of this Case*

The petitioner is a federal prisoner at FCI-Bennettsville.[1] The petitioner is a former inmate of the South Carolina Department of Corrections. The petitioner has submitted a case on a Section 1983 complaint form against Melanie Huggins, the Clerk of Court for Horry County. In his prayer for relief, the petitioner is seeking a court order directing the Clerk of Court for Horry County "TO CORRECT THE PETITIONER [*sic*] COURT FILES AND CRIMINAL RECORD TO REFLECT THAT PETITIONER WAS NOT REPRESENTED

---

[1]The petitioner is serving a 294-month sentence for illegal transport of firearms by a convicted felon entered in *United States of America v. Norman T. Dais*, Criminal No. 4:03-0383-TLW-1, pursuant to a guilty plea. The petitioner's conviction was affirmed on direct appeal in *United States v. Dais*, 178 Fed.Appx. 253, 2006 U.S.App. LEXIS 10907, 2006 WL 1153803 (4th Cir., May 2, 2006). The petitioner has a pending Section 2255 action, which was filed on October 30, 2006.

1

BY COUNSEL AS REQUIRE [*sic*] BY LAW BECAUSE NO EVIDENCE THAT MRS. HUGGINS CAN SHOW THAT PETITIONER WAS REPRESENTED BY COUNSEL[.]" (Complaint [Entry No. 1], at page 5).[2] Since the petitioner is seeking mandamus-type relief, the Office of the Clerk of Court correctly treated the complaint in this case as a petition for writ of mandamus.

## *Discussion*

Under established local procedure in this judicial district, a careful review[3] has been made of the *pro se* complaint-petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se*

---

[2]These three convictions (Indictment No. 1988-GS-26-48, Indictment No. 1988-GS-26-45, and Indictment No. 1988-GS-26-1412) were, apparently, at issue when the petitioner was deemed to be an armed career criminal at sentencing in Criminal No. 4:03-0383-TLW-1. *See United States v. Dais*, 178 Fed.Appx. 253, 2006 U.S.App. LEXIS 10907, 2006 WL 1153803 (4th Cir., May 2, 2006) (n. 2: "Dais has admitted to the following five prior convictions: (1) a 1986 burglary, third, conviction based on an offense that occurred when Dais was seventeen years old; (2) two 1987 burglary, second offenses to commercial buildings; and (3) two 1991 burglary, second offenses to residential dwellings.")

[3]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

filing);[4] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the pleading is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Since the petitioner is seeking mandamus-type relief, this case is subject to summary dismissal. The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; and *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969).

A federal district court may issue a writ of mandamus only against an employee or official **of the United States**. *See*, *e.g.*, *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986); and *Ocean Breeze Park, Inc. v. Reich*, 853 F. Supp. 906, 915 (E.D. Va. 1994),

---

[4]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

*affirmed*, *Virginia Beach Policeman's Benevolent Association v. Reich*, 96 F.3d 1440 [Table], 1996 U.S.App. LEXIS 28823, 1996 WL 511426 (4th Cir., June 5, 1996).  Hence, the petitioner cannot obtain mandamus relief in this court against the respondent in the above-captioned case because the named respondent is a state official.

In *Gurley*, a prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (in North Carolina) to prepare a free transcript.  The district court in *Gurley* denied the relief sought by the prisoner.  On appeal in *Gurley*, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina.  The Court also held that, if the prisoner's petition had been treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ."  *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d at 587.

The holding in *Gurley* was followed by the United States Court of Appeals for the Second Circuit in *Davis v. Lansing*, 851 F.2d 72, 74 (2nd Cir. 1988).  In *Davis v. Lansing*, the Court ruled that "[t]he federal courts have no general power to compel action by state officials[.]"  851 F.2d at 74.  *See also Craigo v. Hey*, 624 F. Supp. 414 (S.D. W.Va. 1985).  In *Craigo*, the district court concluded that the petition for writ of mandamus was frivolous, within the meaning of 28 U.S.C. § 1915, under *Boyce v. Alizaduh* and *Todd v. Baskerville* and, therefore, was subject to summary dismissal.  *Craigo v. Hey*, 624 F. Supp. at 414.

*Accord Van Sickle v. Holloway*, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); *Hatfield v. Bowen*, 685 F. Supp. 478, 479 (W.D. Pa. 1988); and *Robinson v. Illinois*, 752 F. Supp. 248, 248-49 & n. 1 (N.D. Ill. 1990).

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. **The petitioner's attention is directed to the important Notice on the next page.**

November 3, 2008                                   s/Bruce Howe Hendricks
Greenville, South Carolina                     United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).